UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PANSEY and DENNIS BOBAY, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | CASE NO. 1:07-CV-119 RM |
| ) | |
| WALGREEN COMPANY, ) | |
| ) | |
| Defendant ) | |

OPINION AND ORDER

On May 25, 2007, Pansey and Dennis Bobay filed an amended complaint against Walgreen alleging the store owed a duty to inform or warn them of the risk of injuries that could result from Ms. Bobay taking Cyclosporine, Gemfibrozil, and Vytorin, and a duty to refrain from providing Ms. Bobay with medication that would cause her injury. The Bobays contend that Walgreen breached those duties and so was negligent. Walgreen has moved for summary judgment, and, for the following reasons, the court grants that motion.

Pansey Bobay was treated for non-Hodgkins Lymphoma in 2004. After that treatment, she was prescribed Cyclosporine. On May 8, that prescription was called in for Ms. Bobay to the Saddle Creek Road, Omaha, Nebraska Walgreen store. The Saddle Creek Road store filled the prescription once before the prescription was transferred to the University of Nebraska Medical Center. On April 14, 2005, Dr. Mark Hazen called in a Gemfibrozil prescription for Ms. Bobay to the Bluffton Walgreen store. The prescription was filled on that date and refilled two times, on May 15 and June 13. Dr. Hazen didn't direct that any warnings be

provided with these prescriptions. On May 31, 2005, Dr. Hazen called in a prescription for Vytorin for Ms. Bobay to the Bluffton Walgreen store; the prescription was filled on that date. Dr. Hazen didn't direct that any warnings be provided with this prescription.

The Bobays claim that an interaction among these three prescribed drugs caused injuries to Ms. Bobay, and that Walgreen had a duty to warn them of potential interactions between these medications.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). There is no genuine issue of material fact when a rational trier of fact could not find for the nonmoving party even when the record as a whole is viewed in the light most favorable to the nonmoving party. O'Neal v. City of Chicago, 392 F.3d 909, 910-911 (7th Cir. 2004). "The mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). The party with the burden of proof on an issue must show that there is enough evidence to support a jury verdict in its favor.

2

Lawrence v. Kenosha Cty., 391 F.3d 837, 842 (7th Cir. 2004); *see also* Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003) ("As we have said before, summary judgment 'is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.'" (*quoting* Schacht v. Wisconsin Dep't of Corr., 175 F.3d 497, 504 (7th Cir. 1999)).

      The court's jurisdiction is based on diversity of citizenship, and the parties tacitly agree that Indiana law governs the case. The plaintiff in a negligence case must establish four elements: 1) that the defendant owed the plaintiff a duty, 2) that the defendant breached its duty, 3) that the plaintiff suffered damages, and 4) that the defendant's breach of its duty caused the plaintiff's damages. Morgan v. Tackitt Ins. Agency, Inc., 852 N.E.2d 994, 998 (Ind. Ct. App. 2006). Walgreen argues that the Bobays have alleged a "duty to warn" claim. Citing Ingram v. Hook's Drugs, Inc., 476 N.E.2d 881, 887 (Ind. Ct. App. 1985), Walgreen says that Indiana law places upon a prescribing physician the duty to provide warnings or to direct that warnings be provided for prescriptions, and a pharmacist has no duty to provide warnings unless directed to do so by the prescribing physician. In their response, The Bobays seem to concede the duty to warn precedent and instead argue that Walgreen wasn't acting as a "reasonable" pharmacist when it knew or should have known of the danger of a person taking Vyrotin, Gemfibrozil, and Cyclosporine and still filled Ms. Bobay's prescription.

3

In support of their argument, the Bobays cite to Indiana's Pharmacy Act, which states:

> (a) A pharmacist shall exercise his professional judgment in the best interest of the patient's health when engaging in the practice of pharmacy.
>
> (b) …The pharmacist is immune from criminal prosecution or civil liability if he, in good faith, refuses to honor a prescription because, in his professional judgment, the honoring of the prescription would:
>
> (1) be contrary to law;
>
> (2) be against the best interest of the patient;
>
> (3) aid or abet an addiction or habit; or
>
> (4) be contrary to the health and safety of the patient.

IND. CODE §25-26-13-16. "It is a matter of common understanding that customers rely upon pharmacists for that expertise. Upon this basis, we conclude that the relationship between pharmacist and customer is sufficiently close to justify imposing a duty." Hooks SuperX, Inc. v. McLaughlin, 642 N.E.2d 514, 517 (Ind. 1994). From this, the Bobays contend that Walgreen was negligent because the Walgreen pharmacist failed to act as a reasonable pharmacist should have acted: a reasonable pharmacist would have recognized the danger for a toxic drug interaction and refrained from filling the prescription for Vytorin and Gemfibrozil, particularly to someone taking or with a history of taking Cyclosporine, would have done more research, or at least would have warned Ms. Bobay of the risk. The Bobays note that Ms. Bobay went to the Bluffton Walgreen store for the last twenty years and on two or three occasions in the past when Ms. Bobay presented

4

a prescription, a Walgreen pharmacist told her that he wouldn't fill the prescription until he double checked with the doctor because of concerns about the prescription and the medications she was taking.

In <u>Shidler v. CVS Pharmacy, Inc.</u>, 2007 WL 601748 (N.D. Ind. February 20, 2007), the court used the reasonable pharmacist standard to evaluate a case where the plaintiff alleged that the pharmacist should've refrained from filling her prescription. The pharmacist was presented with a Synthroid prescription for Ms. Shidler. <u>Id.</u> at *1.  The pharmacist stated that the dosage appeared high for a person that was taking Synthroid for the first time and noticed that the CVS computer had flagged the prescription as exceeding the recommended quantity. <u>Id.</u>  The pharmacist had given the same size of prescription many times before, however, and didn't consider it to be a poisonous dose. <u>Id.</u>  The pharmacist filled the prescription and Ms. Shidler died due to complications from the large dose. <u>Id.</u>  The court recognized that CVS owed Ms. Shidler a duty or reasonable care, but found that Ms. Shidler's representative needed to do more to survive a summary judgment motion: she needed to define the duty of reasonable care and show how CVS breached its duty. <u>Id.</u> at *3.  Since Ms. Shidler's representative offered no expert testimony from a pharmacist to establish what the applicable standard of care is for a pharmacist and how CVS failed to meet this standard of care, summary judgment was granted. <u>Id.</u> at *5.

The Bobays say a reasonable pharmacist should have known that the combination of Vytorin, Gemfibrozil and Cyclosporine could cause serious injury

5

and so should have refused to fill the prescription without first checking with the prescribing doctor. The Bobays argue that it would have been reasonable to do so because on two or three occasions in the past, a Walgreen pharmacist had done that very thing. Unfortunately, this doesn't satisfy the Bobays' burden of proof. The Bobays haven't provided evidence that a reasonable pharmacist would refuse to fill a prescription because of a possible conflict in medications without first checking with a doctor. The Bobays have no expert testimony to bolster their contention, and merely that a Walgreen pharmacist refused to fill a prescription a few times is not enough at this stage. No basis exists to determine whether the other Walgreen pharmacist was doing what a reasonable pharmacist would do under the same or similar circumstances or was instead going above and beyond what the reasonable pharmacist standard requires.

For the reasons stated above, the court GRANTS Walgreen's motion for summary judgment (Doc. No. 21) and VACATES the September 5th telephonic scheduling conference.

SO ORDERED.

ENTERED: August 5, 2008

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

6